IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SCOTT RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-04063-MDH |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 11). This Court granted Defendant's Motion to Remand in December 2022, ordering a new administrative hearing regarding social security benefits. (Doc. 9). Plaintiff's Motion seeks $3,102.00 in attorney's fees and reimbursement for the $402 filing fee. Defendant agrees this amount is reasonable and objects to neither the award of attorney's fees nor the reimbursement of the filing fee. (Doc. 13).[1] The EAJA creates a right to attorney's fees in civil actions against the government. The EAJA statute provides legal fees may be allowed only for an adversary action, such as a social security claim in district court. 42 U.S.C. § 406(b)(1); *Clifton v. Heckler*, 755 F.2d 1138 (5th Cir. 1985).

In determining whether the attorney's fees requested by a qualified Plaintiff are "reasonable," Section 2412(d)(2)(A) of the EAJA specifies a statutory cap of $125.00 per hour, which should be adjusted for increases in the cost of living. The Eighth Circuit has held that the Consumer Price Index constitutes appropriate proof of the cost-of-living increase since the original enactment of the EAJA, and justifies an award higher than the statutory rate. *Stanfield v. Apfel*,

---

[1] Defendant's response brief lists attorney's fees in the amounts of $3,102 and $5,500. Plaintiff, however, requests fees only in the amount of $3,102.

985 F. Supp. 927, 930-931 (E.D. Mo. 1997) (decision approving as "reasonable" in 1997 an hourly rate of $128.36 per hour) *citing Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).

Further, in determining the reasonableness of the hours claimed in Plaintiff's request, the Court must rely upon its own knowledge, experience, and expertise of the time required completing similar activities by lawyers of reasonably comparable skill, experience, and reputation. *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) *citing Gilbert v. City of Little Rock, Arkansas*, 867 F.2d 1063, 1066 (8th Cir. 1989). Defendant has no objection to Plaintiff's requests for attorney's fees in the amount of $3,102.00, representing 13.20 total hours of attorney work.

Therefore, Plaintiff's Motion is **GRANTED**, and it is **ORDERED** that Plaintiff is awarded $3,102.00 to be paid by the Social Security Administration. Plaintiff is also awarded $402.00 to be paid by the Judgment Fund administered by the United States Treasury. Plaintiff has signed an Assignment of EAJA Fees in this case. (Doc. 11-3). The award is to be made payable to Parmele Law Firm. The Court acknowledges that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be offset to satisfy a pre-existing debt that the litigant owes to the United States.

**IT IS SO ORDERED.**

Dated: March 30, 2023        */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**